UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

T. CURTIS & COMPANY, P.C.                *

     Plaintiff

                              *

Vs.                                        **CASE NO: No.: 1:07-CV-02259**
                              *   Magistrate Robinson

ENVISION HOSPITAL CORPORATION
(f/k/a Doctors Community Healthcare Corp.)*

                              *

GREATER SOUTHEAST COMMUNITY
HOSPITAL CORPORATION I            *

     Defendants

---

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST ENVISION HOSPITAL CORPORATION

     COMES NOW plaintiff, T. Curtis & Co., by and through its attorneys Manuel R. Geraldo and Robinson & Geraldo and moves for summary judgment for amounts due from Defendants pursuant to a settlement agreement stating as follows:

**I.    Introduction**

     This is a motion for summary judgment pursuant to Federal Rules of Civil Procedure 56 upon a complaint to collect the principal sum of $1,075,000.00 owed to plaintiff under a General Release and Settlement Agreement between T. Curtis & Co. and defendants Envision Hospital Corporation and Greater Southeast Community Hospital Corporation I. Plaintiff is seeking summary judgment against defendant Envision Hospital Corporation. Defendant Envision does not dispute that it is indebted to the plaintiff. Although it does not admit to being indebted to plaintiff in the amount of $1,075,000.00, its only defense is that it may be entitled to some unspecified credits.

## II.    Undisputed Facts

1. Defendant Greater Southeast Community Hospital Corporation I (the "Hospital") is a Delaware corporation with its principal place of business in the District of Columbia.

2. Defendant Envision Hospital Corporation is Delaware corporation which is a successor to Doctors Community Healthcare Corporation and maintains its principal place of business in Scottsdale, Arizona. *See, §2, Defendants' Answer to Plaintiff's Complaint. Exhibit No. 1.See, Exhibit No. 3, Defendant Envision's Responses to Request for Admissions, §2.*

3. The parties hereto, T. Curtis & Co., PC, Envision Hospital Corporation and Greater Southeast Community Hospital Corporation I, entered into a General Release and Settlement Agreement, Exhibit No. 2, a true and correct copy of which was attached to the complaint. *See, §2, Defendants' Answer to Plaintiff's Complaint. Exhibit No. 1; Exhibit No. 2, General Release and Settlement Agreement; and Exhibit No. 3, Defendant Envision's Responses to Request for Admissions, §1.*

4. The General Release and Settlement Agreement was entered into between the parties in resolution of a dispute among the parties in connection with a Revenue Cycle Management Services Agreement dated August 26, 2005. *See §9, Defendants' Answer to Plaintiff's Complaint, Exhibit No.1.*

5. The General Release and Settlement Agreement, *Exhibit No. 2*, was signed by Erich Mounce on behalf of Doctors' Community Healthcare Corporation as Chief Operating Officer. *Exhibit No. 3, Defendant Envision's Responses to Request for Admissions, §5.*

6. Erich Mounce was Chief Operating Officer of defendant Envisions when he signed General Release and Settlement Agreement, *Exhibit No 2. Exhibit No.3, Defendant Envision's Responses to Request for Admissions, §6.*

7. Erich Mounce was authorized to sign the General Release and Settlement Agreement on behalf of Doctor's Community Healthcare Corporation. *Exhibit No.3, Defendant Envision's Responses to Request for Admissions, §7.*

8. Under the General Release and Settlement, defendants are obligated to pay T. Curtis and Co. $100,000.00 in each of July, August, September, October, November and December 2006, and $50,000.00 in January 2007 and in each month thereafter, to and including August 2008. The total amount of the settlement that defendants are obligated to pay is $1,600,000.00. See, *Exhibit No 2, §2; Exhibit No. 4, Affidavit of Tanya Curtis, §6.*

9. The assets of Greater Southeast Community Hospital Corporation I were sold prior to August 2008. *See, Exhibit No. 4, Affidavit of Tanya Curtis, §8.*

10. The assets of Greater Southeast Community Hospital Corporation I were sold in November 2007. *See, Exhibit No. 4, Affidavit of Tanya Curtis, §8.*

11. Under the General Release and Settlement Agreement, all payments due T. Curtis & Co., PC from Envision under the General Release and Settlement Agreement were accelerated and to be paid within 30 days of consummation of the sale. See, *Exhibit No. 2, General Release and Settlement Agreement, §2. See, Exhibit No. 4, Affidavit of Tanya Curtis, §7.*

12. Plaintiff has complied fully with its obligations under the General Release and Settlement Agreement. *Exhibit No.3, Defendant Envision's Responses to Request for Admissions, §22.*

13. Defendant Envision does not have any facts that would void the right of T. Curtis and Co., P.C. to be paid the monies owed to it under General Release and Settlement Agreement. *Exhibit No.3, Defendant Envision's Responses to Request for Admissions, §20.*

14. Defendant Envision owes an outstanding balance to plaintiff T. Curtis & Co. under the General Release and Settlement Agreement. *Exhibit No.3, Defendant Envision's Responses to Request for Admissions, §9.*

15. Defendants do not contend that they are not indebted to Plaintiff. *See, Exhibit No. 5, Defendants' Responses to Plaintiff's Interrogatories, Nos. 4 and 5.*

16. Defendants have paid $525,000.00 in accordance with the General Release and Settlement Agreement. *See, Exhibit No. 4, Affidavit of Tanya Curtis, §9.*

17. Defendant Envision owes $1,075,000.00 to plaintiff T. Curtis & Co., PC under the General Release and Settlement Agreement. *Exhibit No.3, Defendant Envision's Responses to Request for Admissions, §9 and 10. See, Exhibit No. 4, Affidavit of Tanya Curtis, §§10, 11 and 13.*

18. Erich Mounce, Chief Executive Officer of defendant Envision admitted in an email dated September 17, 2007 sent to plaintiff's counsel that Defendant Envision owes T. Curtis and Co. the sum of $1,075,000.00. *See, Exhibit No. 4, Affidavit of Tanya Curtis, §11, 12. See, Exhibit No. 6, email dated September 17, 2007 and attached to plaintiff's request for admissions.*

**End of Undisputed Facts**

### III.   Statement of law and Points and Authorities regarding Motion and Relief requested

19. This is a cause of action on a contract for sums due T. Curtis & Co. pursuant to a written agreement. The authority for the Motion for Summary Judgment is Fed. R. Civ. P. 56. Summary judgment is proper only if "there is no genuine issue of material fact and . . . the movant is entitled to judgment as a matter of law." FED.R.CIV.P. **56**(c). *Kingman Park Civic Ass'n v. Williams*, **348 F.3d 1033**, **1041** (D.C. Cir.2003) (quoting FED. R. CIV. P. **56**(c)). "The inquiry performed is the threshold inquiry of determining whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242**, **250**, **106 S. Ct. 2505**, 91 L.Ed.2d 202 (1986). It is plaintiff's contention that such is the case here.

20.  Based on the defendants' answers to plaintiff's complaint, defendants' answers to plaintiff's request for admissions, and defendants' answers to plaintiff's interrogatories, it is undisputed that defendant Envision is indebted to plaintiff under the General Release and Settlement Agreement. The only issue according to the defendants is the amount that is owed. In this connection, defendants claim that there have been partial payments and that they will rely on payment records. Plaintiff has requested in discovery for the defendants to produce payment records. On March 4, 2008, plaintiff served request for production of documents. Defendants have not responded to plaintiff's request as of this date.

21. Attached to plaintiff's motion for summary judgment is the Affidavit of Tanya Curtis. Tanya Curtis is the president of T. Curtis and Co., Inc. In her affidavit, Ms. Curtis sets out the amount that was due to T. Curtis & Co., as of the date that the assets of this hospital were sold. Ms. Curtis also describes conversations that she had with Mr. Erich Mounce, Chief Operating Officer of defendant Envision, during which Mr. Mounce acknowledged to Ms. Curtis that Envisions is indebted to T. Curtis & Co. in the amount of $1,075,000.00 after accounting for the payments made by defendant Envision to plaintiff. *See, Exhibit No. 4, Affidavit of Tanya Curtis, §§12, 13 and 14.*

22. Ms. Curtis in her affidavit also states that defendant Envision last made a payment in June 2007 and that the amount due T. Curtis and Co. after accounting for payments made by Envision is $1,075,000.00. Ms. Curtis states that the total amount due T. Curtis and Co. under the General Release and Settlement Agreement was $$1,600,000.00 and that after payments of $525,000.00, T. Curtis and Co. is owed $1,075,000.00.

23. Defendant Envision has admitted that it is indebted to T. Curtis & Co. and while it is unable to admit to the amount that is owed other than through vague references to payment records that it has not produced, plaintiff's assertion that it is owed $1,075,000.00 is undisputed.

**WHEREFORE**, Plaintiff demands judgment against Defendants for the sum of $1,075,000.00 in principal amount due plus court costs. Plaintiff also seeks such other relief as this court deems appropriate.

Respectfully Submitted

ROBINSON & GERALDO, P.C.


/S/ Manuel R. Geraldo_____
Manuel R. Geraldo, Esquire
1316 Pennsylvania Avenue, S.E.
Washington, D.C. 20003
(202) 544-2888
Counsel for Plaintiff


**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing Plaintiff's Motion for Summary Judgment to Defendants Envision and Greater Southeast were mailed first-class, postage pre-paid, this 29th day of April 2008, to Ronald C. Jessamy, Sr., 1200 G Street, NW, Suite 800, Washington, DC 20005 and by email to rjessamy@jessamylaw.com.


/S/ Manuel R. Geraldo_____
Manuel R. Geraldo

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

T. CURTIS & COMPANY, P.C.                *

      Plaintiff

                              *

Vs.                                                          **CASE NO: No.: 1:07-CV-02259**

                              *        Magistrate Robinson

ENVISION HOSPITAL CORPORATION
(f/k/a Doctors Community Healthcare Corp.)*

                              *

GREATER SOUTHEAST COMMUNITY
HOSPITAL CORPORATION I            *

      Defendants

---

## O R D E R AND JUDGMENT

Plaintiff T. Curtis & Co. ("T. Curtis") brings this action against Envision Hospital Corporation ("Envision") and Greater Southeast Community Hospital Corporation I ("Hospital") alleging that defendants breached the General Release and Settlement Agreement entered into with T. Curtis by failing to pay the amount that defendants are obligated to pay T. Curtis in the event of a disposition of Hospital.

Before the Court is T. Curtis's motion for summary judgment, which is accompanied by a statement of material facts as to which T. Curtis contends that there is no genuine issue. The statement of material facts includes referenced to the parts of the records that support the statement. Plaintiff's motion for summary judgment is further supported by responses of defendants to plaintiff's discovery requests and the affidavit of Tanya Curtis, President of T. Curtis. It is undisputed that the parties entered into a General Release and Settlement Agreement in resolution of a dispute among the parties

in connection with a Revenue Cycle Management Services Agreement dated August 26, 2005. Statement of Material Facts not in Dispute at §4. Defendant Envision Hospital Corporation is Delaware corporation and is a successor to Doctors Community Healthcare Corporation and maintains its principal place of business in Scottsdale, Arizona. *Id. at 2.* Erich Mounce, Chief Executive Officer of defendant Envision signed the agreement on behalf of defendants Envision and Hospital. *Id. at 5 and 6.* Erich Mounce was authorized to sign the General Release and Settlement Agreement on behalf of Doctor's Community Healthcare Corporation. *Id. at 7.* Under the General Release and Settlement Agreement, the defendants are obligated to pay $1,600,000.00 to plaintiff. *Id. at §8.*

The General Release and Settlement Agreement states "If the Hospital is sold prior to August 2008, or otherwise disposed of in circumstances in which the Hospital no longer controls the day to day operations, all remaining payments due hereunder will be accelerated and will be paid within thirty days (30) days after consummation of the sale". *Id. at §11 and §2 of Exhibit 2 to the Motion for Summary Judgment.* It is undisputed that the assets of the Hospital were sold in November 2007. *Id. at § 9 and 10.* Plaintiff admits that prior to the sale of the assets of the Hospital, defendants paid it $525,000.00 in accordance with the General Release and Settlement Agreement and assert that $1,075,000.00 remains unpaid. *Id at §17.* Defendants do not deny that they are indebted to the plaintiff *under the General Release and Settlement Agreement and in fact admit to being indebted. Id at §14 and 15.* Defendants do not admit to the exact amount but make unsupported assertions of having made payments. Defendants have been unable to provide any facts or documents to controvert the plaintiff's claim that it is still owed

$1,075,000.00 from defendants. Erich Mounce, Chief Executive Officer of defendant Envision, admitted in an email dated September 17, 2007 that Envision owes plaintiff the sum of $1,075,000.00. *Id at §18.*

T. Curtis has presented undisputed evidence of a contractual relationship between T. Curtis and defendants and of defendants' subsequent breach of this contract by its failure to pay the settlement. Based on these facts, the court concludes that T. Curtis is entitled to judgment as a matter of law.

_____
Magistrate Judge Deborah A. Robinson

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

T. CURTIS & COMPANY, P.C.            )
8957 Edmonston Road                  )
Greenbelt, MD 20770                  )
                                     )
            Plaintiff,               )
                                     )
        vs.                          )   Case No.1:07-CV-02259 (EGS)
                                     )
ENVISION HOSPITAL CORPORATION        )
(f/k/a Doctors Community Healthcare Corp. )
    A Delaware Corporation           )
Serve: CT Corporation System         )
    1015 15th Street, N.W.           )
    Suite 1000                       )
    Washington, DC 20005             )
                                     )
        and                          )
                                     )
GREATER SOUTHEAST COMMUNITY          )
    HOSPITAL CORPORATION I            )
    A Delaware Corporation           )
Serve: CT Corporation System         )
    1015 15th Street, N.W.           )
    Suite 1000                       )
    Washington, DC 20005             )
                                     )
            Defendants.              )
                                     )

## ANSWER TO COMPLAINT

COME NOW Defendants, Envision Hospital Corporation ("EHC") and Greater

Southeast Community Hospital Corporation I ("Greater Southeast"), and for their answer

to the Complaint herein, state as follows:

1.      The allegations contained in Paragraph 1 of the Complaint require no

response by the Defendants; however, Defendants deny they owe Plaintiff the sum

alleged therein.

2.      Defendants admit that EHC was formerly known as Doctors Community Healthcare Corporation as alleged in Paragraph 2 of the Complaint; Defendants deny that as of the date the filing of the Complaint, EHC was the parent company of Greater Southeast Community Hospital Corporation I although, said Defendants admit that at some point prior to the initiation of the instant lawsuit, Greater Southeast was owned by Defendant EHC.

3.      Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4.      Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.      The allegations contained in Paragraph 6 of the Complaint require no response by the Defendants.

7.      Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.      Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9.      Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10.     Defendants admit the allegations contained in Paragraph 10 of the Complaint.

2

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint because they do not fully set forth the provisions of the referenced Agreement.

12. Defendants admit the allegations in Paragraph 12 of the Complaint that the Plaintiff received payments through June 2007, but demand strict proof of the remaining allegations contained therein.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of the Complaint as they pertain to EHC only.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants admit that Plaintiff requested payment as alleged in Paragraph 16 of the Complaint, but deny that the amount claimed is owed.

17. All allegations of the Complaint not expressly admitted are hereby denied.

**WHEREFORE**, the premises considered, Defendants pray that this Honorable Court dismiss the Complaint against them, or in the alternative, enter judgment in their favor and against the Plaintiff.

Respectfully Submitted,
Law Office of Ronald C. Jessamy, PLLC

/s/ Ronald C. Jessamy, Sr.
Ronald C. Jessamy, Sr.
D.C. Bar No. 192898
1200 G Street, N.W., Suite 800
Washington, D.C. 20005
(202) 434-8358
rjessamy@jessamylaw.com

Attorney for Defendants

3

## Certificate of Service

I hereby certify that a copy of the foregoing Answer to Complaint was sent

electronically via the Court's Electronic Case Filing system to:

Manuel R. Geraldo, Esquire
ROBINSON & GERALDO
1316 Pennsylvania Avenue, S.E.
Washington, D.C. 20003

/s/ Ronald C. Jessamy, Sr.
Ronald C. Jessamy, Sr.

4

# EXHIBIT 2

NBOUND NOTIFICATION : FAX RECEIVED  CCESSFULLY **

| TIME RECEIVED | REMOTE CSID | D   TION | PAGES | STATUS |
| Tue, 12 Sep 2006 08:28:46  /00 | 4803489800 | 95 | 4 | Received |

09/12/2006  09:28   4803489800            DCHC                          PAGE  01

## GENERAL RELEASE AND SETTLEMENT AGREEMENT

This General Release and Settlement Agreement (this "Agreement") is entered into by and among T. Curtis & Company, P.C., a Maryland professional corporation, on behalf of itself, its shareholders, employees, affiliates, agents, assignees and legal representatives ("T. Curtis"), Doctors Community Healthcare Corporation, a Delaware corporation ("DCHC"), and Greater Southeast Community Hospital Corporation I, a Delaware corporation, on behalf of itself, its shareholders, employees, affiliates, agents, assignees and legal representatives (the "Hospital").

WITNESSETH:

WHEREAS, T. Curtis and the Hospital entered into a Revenue Cycle Management Services Agreement dated as of August 26, 2005 (the "Revenue Cycle Agreement"), pursuant to which T. Curtis provided certain accounts receivable services on behalf of the Hospital; and

WHEREAS, a dispute has arisen under the Agreement that parties have settled, as reflected by the terms and conditions of this Agreement; and

WHEREAS, DCHC is the parent corporation of the Hospital and is benefited by the settlement of the dispute between the parties.

NOW, THEREFORE, in consideration of the promises contained herein and for other good and valuable consideration, the amount and sufficiency of which are hereby acknowledged, the parties agree:

1.    **Termination of Revenue Cycle Agreement.**   The Revenue Cycle Agreement is terminated effective June 30, 2006.  Except as specifically set forth in this Agreement, no party shall have any further obligation to the others pursuant to the Revenue Cycle Agreement.

2.    **Payments.**  In consideration of T. Curtis' agreement to (a) terminate the Revenue Cycle Agreement prior to the expiration of its term, (b) provide reasonable assistance as

09/12/2006  08:28  4803489800              DCHC                              PAGE  02

requested by the Hospital or DCHC in the transition of revenue cycle management services to the successor chosen by DCHC and (c) abide by all obligations set forth in this Agreement, DCHC and/or Hospital will pay T. Curtis One Hundred Thousand Dollars ($100,000) in each of July, August, September, October, November and December, 2006, and will pay T. Curtis Fifty Thousand Dollars ($50,000) in January, 2007 and in each month thereafter, to and including August, 2008.  If the Hospital is sold prior to August, 2008, or otherwise disposed of in circumstances in which the Hospital no longer controls the day to day operations, all remaining payments due hereunder will be accelerated and will be paid within thirty (30) days after consummation of the sale.

3.    **General Release.** (a)  T. Curtis acknowledges that the payments made hereunder provide adequate consideration for its promises in this Agreement.  In exchange for the payments made hereunder, and except for those obligations created by or arising out of this Agreement, T. Curtis hereby fully releases and discharges DCHC, the Hospital and the subsidiaries, affiliates, directors, officers, insurers, employees, attorneys and successors of all of them (the "DCHC Releasees") from any and all claims, compensation, demands, rights, actions, suits, damages, attorneys' fees, and liabilities of whatever kind, whether actual or potential, now known or unknown, which T. Curtis now has, owns or holds, or in the future may have, own or hold, arising out of or in any way connected with the Revenue Cycle Agreement or the termination of the Revenue Cycle Agreement, whether based on any alleged breach of a duty arising in statute, contract, tort or other common law theory, an alleged unlawful act, any other claim or cause of action, and regardless of the forum in which it may be brought.  Excluded from this release is any right or claim which cannot be waived by law.   T. Curtis understands this is a GENERAL RELEASE to be construed in the broadest possible way permitted by law.

09/12/2006  08:28    4803483800                DCHC                                    PAGE  03

(b)    DCHC and Hospital hereby fully release and discharge T. Curtis and the subsidiaries, affiliates, directors, officers, insurers, employees, attorneys and successors of all of them (the "T. Curtis Releasees") from any and all claims, compensation, demands, rights, actions, suits, damages, attorneys' fees, and liabilities of whatever kind, whether actual or potential, now known or unknown, which DCHC or Hospital now has, owns or holds, or in the future may have, own or hold, arising out of or in any way connected with the Revenue Cycle Agreement or the termination of the Revenue Cycle Agreement, whether based on any alleged breach of a duty arising in statute, contract, tort or other common law theory, an alleged unlawful act, any other claim or cause of action, and regardless of the forum in which it may be brought. Excluded from this release is any right or claim which cannot be waived by law, and any claim arising out of a third-party claim against DCHC or Hospital that alleges that T. Curtis' performance under the Revenue Cycle Agreement damaged such third party.    DCHC and Hospital understand this is a GENERAL RELEASE to be construed in the broadest possible way permitted by law.

4.    **Covenant Not To Sue.** A "covenant not to sue" is a legal term that means a person promises not to file or commence a lawsuit or other legal proceeding. It is different from the General Release of claims contained in the previous paragraph. Besides waiving and releasing the claims covered in Paragraph 3, T. Curtis promises never to file or prosecute any legal claim of any kind against any of the DCHC Releasees in any federal, state or municipal court, asserting any claims that are released by this Agreement. T. Curtis represents that, as of the date it signs this Agreement, it has not filed or caused to be filed any claims against any of the DCHC Releasees.   This covenant not to sue does not apply to suits arising out of breaches of this Agreement by Hospital or DCHC.

5.     **Cooperation.**  T. Curtis acknowledges that the Hospital or DCHC may require it to provide reasonable assistance to the Hospital in the transition of revenue cycle management services and agrees to provide the requested assistance.    T. Curtis acknowledges that such requests may come after the Revenue Cycle Agreement has ended and agrees to provide the assistance as and when requested.

6.     **Confidentiality and Nondisparagement.**  Each party agrees that, as a condition of this Agreement, the terms and provisions of this Agreement shall not be disclosed, publicized, published, referred to or in any other manner communicated to or with any other person except to its attorney(s) or tax advisor(s) or as required by law or court order.  Each party further represents that no disclosures prohibited by this paragraph were made prior to the signing of this Agreement.  Each party further agrees that it will not disparage any other party, or any of the subsidiaries or any past or present officers, directors or employees of a party.  Each party also agrees that it will not say or do anything that damages or impairs in any way the business organization, goodwill, or reputation of any other party nor any of its subsidiaries.  The parties agree that, should any party violate the terms of this paragraph, the other parties will be irreparably harmed as a matter of law and will be entitled to immediate injunctive relief.  Should T. Curtis violate the terms of this paragraph, DCHC will, in addition to injunctive relief and damages, be relieved of the obligation to pay any further amounts due hereunder.  Should DCHC and/or Hospital violate the terms of this paragraph, in addition to injunctive relief and damages, T. Curtis may accelerate amounts payable by DCHC and Hospital hereunder.

7.     **Consideration.**  The undertakings set forth in this Agreement constitute the entire and only consideration for this Agreement.

09/12/2006  03:28    4803493800                    DCHC                              PAGE  04

AUG-15- 2006 03:20P FROM:            14048941560          TO:12025478342          P.2/2
08, 15/2006  15:46    2025478342              ROBINSON GERALDO                    PAGE  07

8.     **Entire Agreement.**  This Agreement comprises the entire agreement of the
parties and supersedes and cancels all previous negotiations and agreements in connection with
the subject matter of this Agreement.

9.     **Severability.**  If any provision of this Agreement or the application thereof is held
to be invalid, the invalidity shall not affect other provisions or applications of the Agreement.

10.    **Modification.**  This Agreement may not be modified in any manner, except in
writing signed by each of the parties hereto.

11.    .  **Governing Law.**  This Agreement shall be construed in accordance with the laws
of the District of Columbia, without regard to the conflicts of law principles thereof.

IN WITNESS WHEREOF, and intending to be legally bound, the parties have signed
below.

GREATER SOUTHEAST COMMUNITY
HOSPITAL CORPORATION I

By _____
Name _____
Title _____

DOCTORS COMMUNITY HEALTHCARE
CORPORATION

By _____
Name _____
Title _____

T. CURTIS & COMPANY, P.C.

By _____
Name _____
Title _____

5 of 5

# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

T. CURTIS & COMPANY, P.C.      \*

      *Plaintiff,*

                              \*

vs.                              **Case No.: 1:07-CV-02259 (DAR)**

                              \*

ENVISION HOSPITAL CORPORATION
(f/k/a Doctors Community Healthcare Corp.)\*

and                              \*

                              \*

GREATER SOUTHEAST COMMUNITY
HOSPITAL CORPORATION I        \*

     *Defendants.*             \*

## DEFENDANT ENVISION HOSPITAL CORP.'S
## RESPONSES TO REQUESTS FOR ADMISSIONS

    **Comes Now** Defendant, Envision Hospital Corporation, by and through its undersigned counsel and for its responses to Plaintiff's Requests for Admissions respectfully states as follows:

    1.    Admit that T. Curtis & Company, P.C. a Maryland professional corporation entered into a General Release and Settlement Agreement with Doctors Community Healthcare Corporation, A Delaware Corporation, and Greater Southeast Community Hospital Corporation I, a genuine copy of which is attached hereto as Exhibit "A".

    **Response:**    **Admitted as to entering into an agreement with Plaintiff; however, Defendant is without knowledge as to whether or not Exhibit "A" is a "genuine copy" of the Agreement.**

    2.    Admit that Doctors Community Hospital Healthcare Corporation changed its corporate name to Envision Hospital Corporation on or about December 31, 2006.

**Response:     Admitted.**

3.     Admit that a genuine copy of the Certificate of Amendment of Certificate of Incorporation to amend the name of Doctors Community Hospital Healthcare Corporation to Envision Hospital is attached hereto as Exhibit "B".

**Response:     Defendant is without knowledge as to whether or not Exhibit "B" is a "genuine copy" of the Certificate of Amendment.**

4.     Admit that Erich Mounce signed Exhibit "B" on behalf of Doctors Community Healthcare Corporation as "Chief Operation Officer".

**Response:     Admitted.**

5.     Admit that Erich Mounce signed Exhibit "A" (General Release and Settlement Agreement) on behalf of Doctors Community Healthcare Corporation A Delaware Corporation, and Greater Southeast Community Hospital Corporation.

**Response:     Admitted as to Doctors Community Healthcare Corporation; Denied as to Greater Southeast Community Hospital Corporation.**

6.     Admit that Erich Mounce was Chief Operating Officer of Doctors Community Healthcare Corporation when he signed Exhibit "A" (General Release and Settlement Agreement).

**Response:     Admitted.**

7.     Admit that Erich Mounce had the authority to sign Exhibit "A" (General Release and Settlement Agreement on behalf of Doctors Community Healthcare Corporation.

**Response:     Admitted.**

8.     Admit that Envision Hospital Corporation made payments to T. Curtis & Company, P.C. pursuant to Exhibit "A" (General Release and Settlement Agreement).

2

**Response:     Admitted.**

9.     Admit that Envision Hospital Corporation owes an outstanding balance to T. Curtis and Co., P.C. under Exhibit "A" (General Release and Settlement Agreement).

**Response:     Admitted.**

10.     Admit that attached hereto as Exhibit "C" is a genuine email dated September 17, 2007, sent by Erich Mounce on behalf of Envision Hospital Corporation to Manuel Geraldo, in which Erich Mounce acknowledges that Envision Hospital Corporation owes $1,075,000.00 to T. Curtis & company, P.C.

**Response:     Defendant is without knowledge as to whether or not Exhibit "C" is a "genuine email".**

11.     Admit that Envision Hospital Corporation does not have any documents to show that it does not woe $1,075,000.00 to T. Curtis & Company, P.C. under Exhibit "A" (General Release and Settlement Agreement).

**Response:     Admitted, subject to credit/adjustment for any unrecorded, uncredited, or otherwise unrecognized payments made by Defendants.**

12.     Admit that Envision Hospital Corporation does not have any facts to show that it does not owe $1,075,000.00 to T. Curtis & Company, P.C. under Exhibit "A" (General Release and Settlement Agreement).

**Response:     Admitted, subject to credit/adjustment for any unrecorded, uncredited, or otherwise unrecognized payment made by Defendants.**

13.     Admit that Envision Hospital Corporation owes $1,075,000.00 to T. Curtis & Company, P.C. under Exhibit "A" (General Release and Settlement Agreement).

**Response:    Admitted,    subject    to    credit/adjustment    for    any    unrecorded, uncredited, or otherwise unrecorded payments made by Defendants.**

14.    Admit that Erich Mounce had the authority to sign Exhibit "A" (General Release and Settlement Agreement) on behalf of Greater Southeast Community Hospital Corporation I.

**Response:    Admitted.**

15.    Admit that Greater Southeast Community Hospital Corporation I owes an outstanding balance to T. Curtis and Co., P.C. under Exhibit "A" (General Release and Settlement Agreement).

**Response:    Admitted,    subject    to    credit/adjustment    for    any    unrecorded, uncredited, or otherwise unrecognized payments made by Defendants.**

16.    Admit that Greater Southeast Community Hospital Corporation I owes $1,075,000.00 to T. Curtis & Company, P.C. under Exhibit "A" (General Release and Settlement Agreement).

**Response:    Admitted,    subject    to    credit/adjustment    for    any    unrecorded, uncredited, or otherwise unrecognized payments made by Defendants.**

17.    Admit that Envision Hospital Corporation does not have any facts to dispute the claim of T. Curtis and Co., P.C. that Envision Hospital Corporation owes the sum of $1,075,000.00 to T. Curtis & Company, P.C. under Exhibit "A" (General Release and Settlement Agreement).

**Response:    Admitted,    subject    to    credit/adjustment    for    any    unrecorded, uncredited, or otherwise unrecorded payments made by Defendants.**

18.    Admit that paragraph 2 of Exhibit "A" (General Release and Settlement Agreement) reads "If the Hospital is sold prior to August 2008, or otherwise disposed of in

4

circumstances in which the Hospital no longer controls the day to day operations, all remaining payments due hereunder will be accelerated and will be paid within thirty (30) days after consummation of sale.:

**Response:    Defendant neither admits nor denies this request as the General Release and Settlement Agreement of the parties speaks for itself.**

19.    Admit that Greater Southeast Hospital was sold by Envisions to Specialty Hospitals of America, LLC on or about November 2007.

**Response:    Denied.**

20.    Admit that Envision Hospital Corporation does not have any facts that would void the right of T. Curtis and Co., P.C. to be paid the monies owed to it under Exhibit "A" (General Release and Settlement Agreement).

**Response:    Admitted.**

21.    Admit that Envision Hospital corporation does not have any documents that would void the right of T. Curtis and Co., P.C. to be paid the monies owed to it under Exhibit "A" (General Release and Settlement Agreement).

**Response:    Admitted.**

22.    Admit that T. Curtis and Co., P.C. has complied fully with its obligations under Exhibit "A" (General Release and Settlement Agreement).

**Response:    Admitted.**

23.    Admit that Envision Hospital Corporation does not have any facts that show that T. Curtis and Co., P.C. filed to perform its obligations under Exhibit "A" (General Release and Settlement Agreement).

**Response:    Admitted.**

Respectfully Submitted,
**Law Office of Ronald C. Jessamy, PLLC**

/s/Ronald C. Jessamy_____
 Ronald C. Jessamy,  Bar No. 192898
1200 G Street, N.W., Suite 800
Washington, D.C. 20005
(202) 434-8358
(202) 434-8359 fax
rjessamy@jessamylaw.com

Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of March 2008, a copy of the foregoing Defendant Envision Hospital Corporation's Responses to Requests for Admissions was mailed, first class postage prepaid and sent via email to:

Manuel R. Geraldo, Esquire                    (via email mgeraldo@rglaw.net)
ROBINSON & GERALDO, P.C.
1316 Pennsylvania Ave., S.E.
Washington, D.C. 20003

                                        /s/Ronald C. Jessamy
                                        Ronald C. Jessamy

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

T. CURTIS & COMPANY, P.C.          *

     Plaintiff

                                 *

Vs.                                 **CASE NO: No.: 1:07-CV-02259**

                                 *

ENVISION HOSPITAL CORPORATION
(f/k/a Doctors Community Healthcare Corp.)*

                                 *

GREATER SOUTHEAST COMMUNITY
HOSPITAL CORPORATION I          *

     Defendants          *

---

## AFFIDAVIT OF TANYA CURTIS

Tanya Curtis, being first duly sworn, on my oath deposes and says:

1.     I am the President of T. Curtis & Co., P.C., ("T. Curtis") the plaintiff in this case.

2.     T. Curtis & Co., P.C. is an accounting and management consulting firm.

3.     I executed a General Release and Settlement Agreement ("Agreement") on behalf of T. Curtis & Co. with defendants Envision Hospital Corporation (formerly Doctors Community Healthcare Corporation) and Greater Southeast Community Hospital Corporation Corporation I ("Hospital). The agreement was entered into among the parties in resolution of a dispute among the parties in connection with a Revenue Cycle Management Services Agreement.

4.     A true and correct copy of the Agreement is attached as Exhibit No. 2 to the motion for summary judgment.

5.     Erich Mounce, Chief Executive Officer of Envisions and Hospital, signed on behalf of the defendants.

6.     Under the terms of the Agreement, the defendants agreed to pay T. Curtis & Co the total sum of $1,600,000.00 through August 2008 to settle the dispute. Under the General Release and Settlement, defendants are obligated to pay T. Curtis and Co. $100,000.00 in each of

July, August, September, October, November and December 2006, and $50,000.00 in January 2007 and in each month thereafter, to and including August 2008.

7.      The Agreement provides further that if Hospital was sold or was otherwise disposed of in circumstances in which the Hospital no longer controlled the day to day operations, the remaining payments due under the Agreement were accelerated and were to be paid in 30 days of consummation of sale.

8.      The assets of Hospital were sold in November 2007 to Specialty Hospitals of America, LLC who took over the day to day operations. The sale of Hospital's assets was consummated in November 2007.

9.      At the time of the sale of the Hospital's assets, defendants had made payments of $525,000.00 to T. Curtis under the Agreement.

10.     Defendants made no payments under the Agreement after June 2007.

11.     Defendants still owe a balance of $1,075,000.00 to T. Curtis under the Agreement.

12.     In September 2007 during the time that Envisions was negotiating the sale of Hospital's assets, I had several conversations with Erich Mounce regarding the amount still owed by defendants to T. Curtis under the Agreement. In our conversations, Mr. Mounce informed me that he had investigated the payments that Envisions had made T. Curtis pursuant to the Agreement and verified that Envisions had paid a total of $525,000.00. The payments that he verified coincided with the records of payments of T. Curtis.

13.     Erich Mounce and I agreed that the remaining amount due T. Curtis from defendants under the Agreement was $1,075,000.00.

14.     Mr. Mounce sent an email to my attorney confirming that Envision owed T. Curtis the amount of $1,075,000.00. A copy of Mr. Mounce's email was sent to me.

15.     This affidavit is based upon my personal knowledge.

Tanya Curtis

Subscribed and sworn to before me this ___29th___ day of April 2008.

Notary Public

My Commission expires:

Curtis B. Stokes
Notary Public, District of Columbia
Commission Expires 10-14-2008

3

# EXHIBIT 5

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

T. CURTIS & COMPANY, P.C.                          *

     *Plaintiff*,

                                 *

vs.                                                     **CASE NO: 1:07-CV-02259 (DAR)**

                                 *

ENVISION HOSPITAL CORPORATION
(f/k/a Doctors Community Healthcare Corp.)*

and                                                     *

                                 *

GREATER SOUTHEAST COMMUNITY
HOSPITAL CORPORATION I                             *

     *Defendants.* _____ *

## DEFENDANT ENVISION HOSPITAL CORPORATION'S
## RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. State the full corporation name, date of incorporation, state of incorporation, directors, officers and shareholders of Envision Hospital Corp.

**Response:  Envision Hospital Corporation; date of incorporation--September 9, 1994, restated certificate of incorporation, April 2, 2004; sole director—Paul R. Tuft; all officer positions are held by Paul R. Tuft; majority shareholder—Paul R. Tuft.**

2. If it is your contention that Defendants are not indebted to the Plaintiff in the amount of $1,075,000.00 as alleged in paragraph 1 of the complaint, but that Defendants are indebted to the Plaintiff in some lesser amount, please state the lesser amount, and indicated the factual circumstances supporting such lesser amount.

**Response:   Defendant Envision Hospital Corporation's staff is currently checking its records; however, said Defendant does not belief the remaining**

**obligation to the Plaintiff exceeds $1,050.000.**

3. Please state the amounts that you claim to have paid to plaintiff under the General Release and Settlement Agreement entered into among Envision Hospital Corporation, Greater Southeast Community Hospital Corporation I and T. Curtis & Company, P.C., Exhibit A to the plaintiff's complaint. For each such payment, state the date of payment and the amount of each such payment.

**Response:    It is believed that at least $250,000.00 has been paid in installments/increments of $25,000.00 each.**

4. If it is your contention that Defendants are not indebted to the Plaintiff in any amount as alleged in the Complaint, indicate the factual basis for such contention. Please state in detail the facts upon which you rely to support your contention that Envision Hospital Corporation is not indebted to the Plaintiff under the General Release and Settlement Agreement, Exhibit A to the plaintiff's complaint.

**Response:  Defendants do not contend that they are not indebted to Plaintiff.**

5. Indicate the name and title of all representatives of Plaintiff with whom Defendants dealt in this matter, and indicate the nature and substance of each contact.

**Response:  To the best of this representative's knowledge, the persons are Tanya Curtis and Plaintiff's legal counsel Manuel R. Geraldo, Esquire.**

6. Indicate the name, address and title of each of Defendants' agents who dealt with the Plaintiff in this matter, and indicate the nature and substance of each contact.

**Response:  To the best of this representative's recollection, Paul R. Tuft/Chairman of the Board, Erich Mounce/Executive Vice-President, and Cindy Sehr/General Counsel,  are believed to be the representatives of Envision Hospital**

2

**Corporation, f/k/a/ Doctors Community Healthcare Corporation, who dealt with the Plaintiff.**

7. If you intend to call any expert witness to testify at the trial of this case, state the name, address and field of expertise of each such expert and, if any such expert has submitted a report, attach a copy to your Answers to Interrogatories.

**Response: The Defendants do not intend to call any expert witnesses.**

8. If any persons have given to you, or to any agent or representative acting on your behalf, any statement or report, written, reduced to writing or otherwise recorded, concerning any aspect of this case or the damage claimed herein, identify each person who made or gave such statements or reports, state the date of each statement or report, and identify the person who has custody or possession of each such statement or report or a true copy thereof.

**Response: None.**

9. State the date, time, place and exact content of each and every conversation with the Plaintiff or its agents or employees had with the Defendants, it agents, representatives, servants and/or employees, in any way pertaining to the occurrences complained of in this lawsuit, identifying the person or representative acting on behalf spoke during each such conversation and their relationship to the parties, as well as all witnesses to each such conversation and their relationship to you or the Plaintiff, if any.

**Response: The Defendants have no organized file or record of conversations; Defendant will continue to search relevant files and records and will supplement this response if any relevant information and materials are located.**

10. If you will rely on any documents or photograph at the trial of this case, identify

each such document, as well as the person with custody of each such document or a true copy thereof. If you will do so without a Motion to Produce, kindly attach a legible photocopy of each such document to your Answers to Interrogatories.

**Response: Defendants will rely upon copies of relevant checks that were written to Plaintiff and any relevant payment records they may possess.**

11. State all defenses (legal, equitable and factual) to the Plaintiff's claim, setting forth all facts and basis for each such defense.

**Response:  The defense to Plaintiff's claim is that there have been partial payments made to the Plaintiff; said payments will be supported by Defendants' payment records.**

12. If you contend that there are adjustments and credits due which have not been given under the General Release and Settlement Agreement, Exhibit A to the plaintiff's complaint, state the following:

   a. The purpose of the adjustment and credit.

   b. The amount of the adjustment and credit you contend is due.

   c. The basis of the adjustment.

**Response:  Any adjustments/credits claimed by the Defendants will be based upon their payment records.**

13. If you contend that Envision is not indebted to plaintiff, please state in your own words the facts and law upon which you rely to support your contention.

**Response:  No such contention is being made.**

14. If you contend that someone other than Envision Hospital Corporation is solely indebted to the plaintiff under the General Release and Settlement Agreement, Exhibit A

to the plaintiff's complaint, please identify that person.

**Response: No such contention is being made.**

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this _____ day of March 2006.

_____
Eric Mounce, Executive Vice President

Respectfully Submitted,
**Law Office of Ronald C. Jessamy, PLLC**

/s/Ronald C. Jessamy _____
Ronald C. Jessamy,Bar No. 192898
1200 G Street, N.W., Suite 800
Washington, D.C. 20005
(202) 434-8358
(202) 434-8359 fax
rjessamy@jessamylaw.com

Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this \_\_\_\_\_ day of March 2008, a copy of the foregoing Defendant Envision Hospital Corporation's Responses to Plaintiff's First Set of Interrogatories was mailed, first class postage prepaid and sent via email to:

Manuel R. Geraldo, Esquire
ROBINSON & GERALDO, P.C.
1316 Pennsylvania Ave., S.E.
Washington, D.C. 20003

/s/Ronald C. Jessamy
Ronald C. Jessamy

# EXHIBIT 6

## Manuel Geraldo

**From:**   Tanya Curtis [tcurtis@tcurtiscpa.com]
**Sent:**   Thursday, December 06, 2007 10:51 AM
**To:**     Manuel Geraldo
**Subject:** FW: Amounts due to Tanya Curtis

$1,075,000 is the amount due under the settlement agreement.

Tanya R. Curtis, CPA
President and CEO
T. Curtis & Company, P.C.
8957 P Edmonston Road
Greenbelt, MD  20770
301-982-4000, x227 (o)
301-982-1286 (fax)
301-4427102 (cell)

**From:** Tanya Curtis
**Sent:** Tuesday, September 18, 2007 12:38 PM
**To:** Manuel Geraldo
**Subject:** RE: Amounts due to Tanya Curtis

Manny,

I will confirm the amounts.  However, I don't know of any clause in the agreement that requires approval from funding source.

Tanya R. Curtis, CPA
President and CEO
T. Curtis & Company, P.C.
8957P Edmonston Road
Greenbelt, Maryland 20770
301.982.4000, x227 (office)
301.982.1286 (fax)
301.442.7102 (cell)

**From:** Manuel Geraldo [mailto:mgeraldo@rglaw.net]
**Sent:** Tuesday, September 18, 2007 12:22 PM
**To:** Tanya Curtis
**Subject:** FW: Amounts due to Tanya Curtis

FYI

Manuel R. Geraldo
Robinson & Geraldo
1316 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (202) 544-2888
Fax: (202) 547-8342

12/6/2007

This e-mail, including any attachments may contain information that is protected by law as PRIVILEGED AND CONFIDENTIAL and is intended solely for the use of the recipient or the employee or agent responsible for delivering the message to the recipient. Please note that is you are not the intended recipient, you are hereby notified that any dissemination, copying, distribution, retention, re-transmission, printing, or any other use of this e-mail or the information contained herein is strictly prohibited. If you have received this e-mail communication in error, please immediately send an e-mail reply to notify the sender and immediately and permanently delete this e-mail from your computer system.

Thank you,

Robinson & Geraldo
1316 Pennsylvania Ave., SE
Washington, DC 20003

---

**From:** Erich Mounce [mailto:EMounce@EnvisionHospitals.com]
**Sent:** Monday, September 17, 2007 7:05 PM
**To:** 'Manuel Geraldo'
**Subject:** Amounts due to Tanya Curtis

Hi Manny :

Thanks for your patience:

I have researched what Envision owes to Tanya Curtis. It appears Envision still has outstanding, based on the settlement Tanya and Paul cut of $1,075,000. Due to extreme cash flow difficulties we have been unable to stay on a normal funding course of this agreement.

Therefore, should you / your client agree, I am going to seek formal approval to pay Tanya her entire amount due at closing of the GSCH sale. Please let me know your thoughts and I will get Paul to formally request this authorization from Medical Capital.

Thank you

Erich Mounce

Erich Mounce
Envision Hospital Corporation
6720 North Scottsdale Rd.
Suite # 285
Scottsdale, Arizona  85253

480-348-2420  Direct
480-355-3148  Fax
480-242-3166  Cell

EMounce@EnvisionHospital.com

12/6/2007